E-FILED
Thursday, 11 June, 2026  04:20:11 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

SYLVIA ANDERSON,
　　　Plaintiff,

v.

JAMES D'AUGUSTE, DIANNE T.
RENWICK, SALLIE MANZANET-
DANIELS, SUZANNE J. ADAMS,
and HECTOR LASSALE,
　　　Defendants.

Case No. 1:26-cv-01242-JEH-RLH

**Order**

Now before the Court is the *pro se* Plaintiff Sylvia Anderson's Application to Proceed in District Court Without Prepaying Fees or Costs (D. 2).[1]  For the reasons set forth below, the Plaintiff's Application to proceed *in forma pauperis* (IFP) is DENIED, and her Complaint (D. 1) is DISMISSED WITH PREJUDICE.

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Here, the Plaintiff's Complaint alleges:

> Defendants showed fast speed in claims  [sic] Defendants are subjected to actions  Plaintiff requests this Court to adjudicate.

Pl.'s Compl. (D. 1 at ECF p. 1).  That is the entirety of the Complaint.

Even construing the Plaintiff's Complaint liberally, as the Court must given her *pro se* status, the Plaintiff's allegations very blatantly fail to state a claim.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]").  The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii).  *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017).  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  Here, the Plaintiff does not provide who, exactly, the parties are, the Plaintiff does not explain the basis for filing in this Court, and the Plaintiff does not provide any context whatsoever for her allegations.

Furthermore, this same Complaint brought by Sylvia Anderson against Defendants James D'Auguste, Dianne T. Renwick, Sallie Manzanet-Daniels, Suzanne J. Adams, and Hector Lassale has been filed in numerous courts around the country, including in the U.S. District Court for the Western District of Texas, the U.S. District Court for the Middle District of Tennessee, the U.S. District Court for the District of Rhode Island, the U.S. District Court for the District of New Mexico, and the U.S. District Court for the Western District of North Carolina,

among many other district courts.[2]  The cases were all filed between June 8, 2026 and June 9, 2026, thus far at least.  Each complaint (at least the several this Court reviewed) is undated.  The Plaintiff's mailing address is in Atlanta, Georgia, but the envelope she mailed her Complaint in here and in the other cases is postmarked in New York.  *See* Pl.'s Compl. (D. 1 at ECF p. 2).

An action is "malicious" in the context of Section 1915(e)(2)(B)(i) where it is "intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).  Certainly, where a plaintiff files the same complaint with the same three meager allegations – really just the barest possible phrases and lacking in punctuation – in over 20 courts within just one day of each other, that plaintiff intends to harass either the defendant, the given court, or both.

For the foregoing reasons, the Plaintiff's Complaint (D. 1) is DISMISSED WITH PREJUDICE for failure to state a claim and as malicious.  The Application to proceed IFP (D. 2) is DENIED.  The Application, submitted under penalty of perjury, is lacking in detail.  In any event, the Court will not permit the Plaintiff, who is pursuing a malicious action, to do so without paying the filing fee.  The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on June 11, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] *E.g.*, *Anderson v. D'Auguste*, 4:26-cv-00045-DC-DC (W.D. Tex. June 8, 2026); *Anderson v. D'Auguste*, 3:26-cv-00779 (M.D. Tenn. June 9, 2026); *Anderson v. D'Auguste*, 1:26-cv-00365-MRD-PAS (D.R.I. June 8, 2026); *Anderson v. D'Auguste*, 1:26-cv-01851-JHR (D.N.M. June 8, 2026); *and Anderson v. D'Auguste*, 3:26-cv-00452-KDB-DCK (W.D.N.C. June 8, 2026).